UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAFARI STEWART,

                Plaintiff,

      -against-

Police Officer MALACHI MCKENITH, Shield No. 2680; Sergeant KEVON SAMPLE, Shield No. 2609; Police Officers JOHN and JANE DOE 1 through 10, individually and in their official capacities,

                Defendants.
------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

16 CV 4724 (KPF)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jafari Stewart ("plaintiff" or "Mr. Stewart") is a resident of Bronx County in the City and State of New York.

7. Defendant Police Officer Malachi McKenith, Shield No. 2680 ("McKenith"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant McKenith is sued in his individual and official capacities.

8. Defendant Sergeant Kevon Sample, Shield No. 2609 ("Sample"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sample is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 6:30 p.m. on December 28, 2015, Mr. Stewart was outside of his home at 455 Jackson Avenue in the Bronx.

13. Mr. Stewart had come outside to pick up his young nephew who was being dropped off that evening by Mr. Stewart's father.

14. As Mr. Stewart was retrieving his nine-year-old nephew from his father's car, a police vehicle stopped and defendant officers exited.

15. Defendants stated that they were issuing plaintiff's father a ticket for being double-parked.

16. Mr. Stewart attempted to explain, in a reasonable fashion and from a distance away, that his father was simply dropping off his nephew.

17. Defendants responded by demanding identification from Mr. Stewart.

18. When Mr. Stewart asked, again in a reasonable tone and manner, why

his identification was needed, a defendant officer wearing a white shirt said, in sum, "fuck it, take him."

19. With that, defendants approached Mr. Stewart and violently closed the car door on plaintiff's young nephew.

20. As defendants pushed Mr. Stewart – who was not resisting in any fashion - against his father's car, the white-shirted defendant removed his asp and threatened plaintiff with it.

21. In front of his father and crying nephew, Mr. Stewart was handcuffed and put into the police vehicle.

22. Defendants arrested Mr. Stewart without probable cause or reasonable suspicion to believe he had committed any crime or offense.

23. Defendants never issued Mr. Stewart's father a ticket of any kind.

24. While in the back of the police vehicle, Mr. Stewart asked why he was being arrested.

25. The defendant white-shirted officer responded by taking out his Taser and saying, in sum, "shut the fuck up, if you keep talking I'm gonna tase you."

26. Scared and without daring to utter another word, Mr. Stewart was taken to a police precinct.

27. At the precinct, defendants unlawfully performed a strip search of Mr.

-5-

Stewart.

28. Defendants falsely informed employees of the Bronx County District Attorney's Office that Mr. Stewart had obstructed governmental administration, committed false personation and resisted arrest.

29. At no point did the officers observe Mr. Stewart commit any crime or offense.

30. Mr. Stewart, who is asthmatic and anemic, requested medical attention while at the precinct, but was denied the same.

31. Mr. Stewart was eventually taken to Bronx Central Booking.

32. Plaintiff was arraigned in Bronx County Criminal Court, where he was released on his own recognizance after approximately twenty-two hours in custody.

33. After making several court appearances, all charges against Mr. Stewart were adjourned in contemplation of dismissal.

34. Mr. Stewart suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, illegally strip-searched, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. The individual defendants created false evidence against plaintiff.

46. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

47. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

51. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

52.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

53.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.  The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

55.  Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

56.  As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

57.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58.  Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

59. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     October 28, 2016
           New York, New York

                               HARVIS & FETT LLP

                               _____
                               Baree N. Fett
                               305 Broadway, 14th Floor
                               New York, New York 10007
                               (212) 323-6880
                               bfett@civilrights.nyc

                               *Attorneys for plaintiff*